**WHITEHEAD v. CITY NAT. BANK IN WICHITA FALLS et al.**

No. 14095.

Court of Civil Appeals of Texas.
Fort Worth.

May 17, 1940.

Rehearing Denied June 7, 1940.

Henry R. Bishop, Houtchens & Houtchens, Lloyd H. Burns, and J. Harold Craik, all of Fort Worth, for appellant.

Bullington, Humphrey & Humphrey, of Wichita Falls, for appellee City Nat. Bank in Wichita Falls.

SPEER, Justice.

This is an appeal from a judgment of the District Court of Tarrant County, sustaining a plea of privilege.

H. G. Whitehead sued H. L. Stripling, a resident of Tarrant County, K. B. Connor, a resident of Dallas County, and City National Bank in Wichita Falls, a banking corporation with its place of business and domicile in Wichita County, Texas. The defendant bank filed its plea in abatement and subject thereto, its plea of privilege, claiming its right to be sued in Wichita County. The parties will carry the same designation here as in the trial court, except when necessary to designate them by name.

The plaintiff instituted his suit against the named defendants, seeking a joint and several judgment against all. The defendant bank timely filed its plea of privilege and plaintiff controverted it by a plea which is substantially the same as his amended petition. The controlling point in the appeal is, did the controverting plea allege a joint and several liability to plaintiff as against the bank and the resident defendant Stripling?

The controverting plea covers twelve pages of the transcript, but in the interest of clarity we feel impelled to give a sufficient summary of the document to enable us to make our discussion of the issue intelligible.

It is alleged in the controverting plea, substantially, that on April 4th, 1939, defendant Stripling, a resident of Tarrant County, Texas, executed and delivered to plaintiff a check drawn on City National Bank, Wichita Falls, Texas, in the sum of $7,000, payable to plaintiff or bearer, signed by Stripling; it bore on its face this notation: "Payment for one-fourth H. G. Whitehead interest in Calvin Brown royalty, Gregg County." That check was endorsed, "H. G. Whitehead, K. B. Connor, Bob Whitehead." That Bob Whitehead had no interest in the transaction; that Connor was related to Stripling, was interested with him in the purchase of said royalty and acquainted with Stripling's financial ability to pay; plaintiff refused to accept Stripling's check and Connor endorsed it to induce its acceptance, but for which endorsement plaintiff would have refused it; that by said endorsement Connor obligated himself jointly with Stripling for its prompt payment when presented to the Wichita Falls bank. That upon receipt of the check plaintiff endorsed it and deposited it with First National Bank of Odessa, Texas, for collection. That the Odessa bank, in due course of business, promptly sent the check to its correspondent, the Fort Worth National Bank, with the written request to collect it and "wire fate." That the words, "wire fate", in common usage among bankers, meant that the bank on which the check was given would promptly wire the sending bank, at Odessa, whether or not said check had been paid promptly when presented. That the Fort Worth bank received the check and forwarded it in due course of business to the Wichita Falls bank, on which it was given, with instructions to "wire fate", meaning that defendant Wichita Falls bank should wire the Fort Worth bank within 24 hours after its receipt whether or not the check had been paid.

It is further alleged that defendant City National Bank in Wichita Falls received the check from the Fort Worth Bank on April 8th, 1939, and did not wire fate there-

on nor notify the Fort Worth bank as to whether or not payment had been made, but held same until April 13th, 1939, before advising either the Odessa or Fort Worth bank whether the check had been paid or refused. That from April 8th, 1939, until April 13th, 1939, defendant City National Bank in Wichita Falls failed and refused to wire fate of the check, but thereby held it an unreasonable and unlawful length of time before performing said duty of wiring the fate of the check. That on said April 13th, 1939, the defendant bank returned the check unpaid to the Fort Worth bank, with notation thereon, "Payment refused."

Further allegations were made that Stripling had no account with Wichita Falls bank; that the bank knew from the notation on the check that it was given for purchase of plaintiff's royalty, and was charged with the duty of acting promptly upon receipt of it and wire fate within twenty-four hours, but that in a desire to aid Stripling it held the check for an unreasonable and unlawful length of time under an agreement with Stripling to enable him to raise funds with which to make payment; that said conduct, delay and joint action by the bank with Stripling were wrongful and illegal, thereby causing plaintiff to sustain the loss of his property, given in exchange for the check.

Allegations in the controverting plea further show that under the custom and practice of bankers, when a check is presented for payment with instruction from the sender bank to the paying bank to "wire fate", it is meant that the paying bank must either pay the check or wire the sender, within 24 hours after its receipt, that payment has not been made, giving the reason, and that a failure to so notify the sender, means the paying bank has accepted the item and becomes liable for its payment. That because of the acts of defendant bank in not wiring fate of the check and the holding by it of the item for the time shown, plaintiff was deprived of the right to repossess his property before it was transferred to innocent purchasers, and the defendant bank became jointly and severally liable with Stripling for its payment to plaintiff. Prayer was for this relief.

The evidence presented upon the trial of the issue sustains the contention of plaintiff relating to the liability of the resident defendant Stripling. The judgment entered by the trial court sustained the plea of privilege filed by defendant bank in Wichita Falls. In that judgment this language is found: "* * * and that it never at any time was a resident of Tarrant County, Texas, and that no exception to exclusive venue in the county of one's residence provided by law exists in this cause, so as to confer jurisdiction and venue over the defendant City National Bank in Wichita Falls, in the courts of Tarrant County, and that the cause of action asserted by plaintiff against the defendant City National Bank in Wichita Falls, and the alleged resident defendant H. L. Stripling, is not a joint and several cause of action."

We have concluded that the trial court erred in sustaining the plea of privilege upon the grounds above indicated.

 It is now well settled that the venue issue is made up of the plea of privilege by a defendant and the controverting affidavit of the plaintiff, who seeks to hold venue in a county other than the residence of the defendant. The burden of proof is upon the plaintiff to establish that right by showing that one of the exceptions to exclusive venue exists as provided by Article 1995 and the exceptions thereunder. 43 Tex.Jur. sect. 109, p. 844; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Farmers Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, and many decisions by the several Courts of Civil Appeals.

Exception 4 under Article 1995 confers venue on a non-resident defendant when sued jointly with a co-defendant residing in the county where the suit is instituted.

 The construction of exception four has been the subject of much controversy by our courts, but it is now definitely settled that when venue is sought to be acquired under this exception, the action against both defendants must be instituted in good faith, and upon hearing, proof must be made showing a prima facie cause of action against the resident defendant and the pleadings must state a cause of action against the non-resident. The rule is established that the cause of action as alleged must be one in which the resident and non-resident defendants are properly joined or, stated another way, the action against the resident defendant must be shown to be one so intimately connected with the one alleged against the non-resident that the two may be joined under the rule intended to avoid a multiplicity of

suits. The proof against the resident defendant is never made by introduction in evidence of the pleadings, but as against the .non-resident the pleadings will suffice. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

The above rule is not disputed by the Wichita Falls Bank in the case at bar, but it is contended that the pleadings of plaintiff (the controverting affidavit) do not allege a joint and several cause of action against it and Stripling. This contention has prompted us to summarize that pleading as shown above and, as indicated, we hold against defendant Bank's contention. It is immaterial, insofar as this appeal is concerned, whether upon a trial on the merits plaintiff can establish the truth of his allegations as against the non-resident bank.

It has frequently been held by our appellate courts that evidence of a defensive nature to plaintiff's cause of action against the non-resident is not admissible in the hearing on venue; although it has often found its way into the record upon such hearings, it has no probative value in determining the issue of venue. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; Vitopil v. Gray, Tex.Civ.App., 111 S.W.2d 1202; Farrell v. Lawrence, Tex.Civ.App., 97 S.W.2d 391; and Stockyards National Bank v. Maples, supra. In the last cited case, the certificate to the Supreme Court contained this recitation [95 S.W.2d 1301]: "No character of cause of action was shown to exist against the bank [the non-resident defendant], but, to the contrary, the evidence affirmatively disclosed that the plaintiff had no cause of action against it." A question was propounded to the Supreme Court and answered, which meant that when a joint cause of action was alleged against the two defendants, and proof made of a proper action against the resident defendant, the pleadings of the joint action against the two defendants was sufficient to hold the non-resident for trial with its co-defendant, in a county other than its residence. In answer to the third question, the court said, at page 1304 of 95 S.W.2d: "The answer to the second question would not be altered if the evidence upon the hearing of the plea of privilege affirmatively disclosed that the plaintiff had no cause of action, either joint or several, against the nonresident defendant."

The plea of privilege and the controverting affidavit constitute the pleadings upon which the hearing is had on the venue trial. Farmers Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91. In the case at bar, no demurrer nor exception was urged against the sufficiency of the controverting affidavit, because it did not allege a cause of action. The same rule applies, in this respect, to cases tried on a venue hearing as in causes tried upon their merits. In such circumstances, it is well settled that in passing upon general demurrers, the court must not only accept allegations of the petition (controverting affidavit in this case) as true, but must also indulge all reasonable intendments in support of their sufficiency. The last expression of our Supreme Court on this point is found in Mansell et al. v. Texas & P. Ry. Co., Tex. Com.App., 137 S.W.2d 997.

Upon cross examination of a representative of the Fort Worth National Bank, in the instant case, it was revealed that that bank was the agent of the Odessa Bank in the matter of collecting the check in controversy, and that the witness, as such representative and agent, advised the Wichita Bank in a conversation on the telephone to hold the check until it could contact Stripling, and that the Wichita Bank did in fact follow that instruction. It is contended here that the Wichita Bank did as instructed, and consequently has done no wrong in the premises. This evidence goes to the merits of plaintiff's action against the defendant Bank, but is of no probative force in the venue hearing. Authorities above cited support this statement. It tends to emphasize the holding in Stockyards National Bank v. Maples, supra, that even though it affirmatively appears from the evidence that plaintiff has no cause of action against the non-resident, if the pleadings are otherwise the plea of privilege should be overruled. We express no opinion on the effect of the evidence as against the non-resident defendant's liability. That question is not before us. It occurs to us that the evidence referred to and other evidence of like kind prompted the trial court to sustain the plea of privilege. If this be true, as fair and equitable as it may have appeared to the trial court, such holding cannot be sustained under the decisions cited. The assignments of error by plaintiff, com-

plaining of the judgment sustaining the plea of privilege, are well taken.

 Defendant Bank, the appellee, contends by counter propositions that its plea in abatement should have been sustained by the trial court, which, if done, would have obviated the hearing on the venue issue. The plea in abatement was properly and timely presented. By it, as well as by plaintiff's amended petition, it was shown that when plaintiff instituted this suit, he named City National Bank *of* Wichita Falls as defendant, and had citation served upon the same person as its official, as was served when, by amendment, plaintiff changed the name of the defendant to its true corporate name, City National Bank in Wichita Falls. The plea in abatement was overruled when presented. The amended petition was filed and the pleas in abatement and of privilege involved here were filed in response to the amended pleading. We fail to see any ground for the abatement, unless it could have affected accrued court cost.

In any event, as in this case, the proper defendant corporation had been sued, although not precisely in its true corporate name. The defect did not deceive or mislead that defendant; it was sufficient, when process was served, to put defendant on notice of plaintiff's action. Abilene Independent Telephone & Telegraph Co. v. Williams, 111 Tex. 102, 229 S.W. 847; Wichita Coca Cola Bottling Co. v. Levine, Tex.Civ.App., 68 S.W.2d 310, writ refused; Arcola Sugar Mills Co. v. Doherty, Tex. Civ.App., 254 S.W. 650, writ refused; West v. Johnson, Tex.Civ.App., 129 S.W. 2d 811, writ refused. The plea in abatement was properly overruled and the issues involved in the plea of privilege were squarely before the court.

 The non-resident defendant bank, by counter propositions, also seeks to sustain the court's action in sustaining its plea of privilege by a contention that the residence of Stripling was not positively established by competent proof to be in Tarrant County. It is not thought necessary to point out that evidence but we find sufficient evidence in the record to support the establishment of his residence in Tarrant County. The nearest conflict that could be pointed out is to the effect that Stripling is a single man and stays much of his time in other counties.

We conclude and so hold that the trial court erred in sustaining the plea of privilege, under the recited findings in the judgment that no exception to exclusive venue in the county of one's residence as provided by law is shown to exist in this case. For the error pointed out and under the authorities cited, the judgment of the trial court is reversed and here rendered, overruling the plea of privilege. It is so ordered.

## On Motion for Rehearing.

Among other things called to our attention by City National Bank in Wichita Falls in its motion for rehearing, is an expression used by us in our original opinion, wherein we said: "Upon cross examination of a representative of the Fort Worth National Bank, in the instant case, it was revealed that that bank was the agent of the Odessa Bank in the matter of collecting the check in controversy * * *." It is asserted in the motion that our statement was an incorrect announcement of the law; but that under the facts revealed in the record, the Fort Worth Bank was the agent of plaintiff, who delivered the check to the Odessa Bank for collection. It is obvious that we did not make the statement as being what we conceived to be the law, but simply summarized what a witness had testified to. The only error in the statement by us was wherein we said the testimony was given on cross examination. We have again consulted the record and find that counsel for the City National Bank in Wichita Falls elicited the testimony from that Bank's witness, on direct examination. We agree with counsel that the testimony and our statement about it were susceptible to an erroneous statement of the law.

 For fear that our quoted statement should again be misunderstood, we think the law is well settled that under the circumstances involved here, the Fort Worth National Bank was the agent of plaintiff, it having been fairly selected by the Odessa Bank to make the collection of the check. Tillman County Bank of Grandfield, Oklahoma v. Behringer, 113 Tex. 415, 257 S.W. 206, 36 A.L.R. 1302, and Garver v. Howard, 113 Tex. 371, 257 S.W. 209.

The above statement and our explanation of it, herein contained, in no way affect or change the conclusions reached by us in the original opinion. We can see why, upon the trial of the case on its merits, it may become important as to

whether plaintiff was bound by the acts of the Fort Worth Bank; therefore we are glad to clarify the statement.

With the above explanation, the motion for rehearing is overruled.