## TRICKEY v. HORTON.
### No. 10722.

Court of Civil Appeals of Texas.
San Antonio.
May 29, 1940.

Appellant's Motion for Rehearing Granted
Aug. 15, 1940.

Appellee's Motion for Rehearing Denied
Sept. 18, 1940.

Johnson & Rogers, of San Antonio, for appellant.

Moursund, Ball, Moursund & Bergstrom, of San Antonio, for appellee.

SMITH, Chief Justice.

This appeal is from an order of the District Court of Dimmit County overruling the plea of privilege of Walter Trickey, a defendant below, to be sued in Frio County, of which he is a resident. The suit was brought by Mrs. John T. Horton against Trickey and Carrie V. Horton, a resident of Dimmit County, as well as other defendants who are not concerned in this appeal. The suit was for damages for conversion of cattle and monies alleged to belong to Mrs. Horton. Trickey alone complains of the order denying change of venue.

Appellee seeks to sustain venue against appellant Trickey upon the fourth exception to the general venue act in which it is provided that "if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Art. 1995, § 4, R.S.1925.

Among many allegations not pertinent to this appeal, appellee alleged in her petition that she and Ben D. Horton each owned an undivided one-half interest in certain live stock located in Dimmit County; that by agreement Ben D. Horton tended and cared for said live stock until the summer of 1937, when he died, survived by his wife, Carrie V. Horton, who qualified as survivor in community, and thereafter in such capacity sold off a substantial portion of said live stock but failed to account to appellee in full for the proceeds of such sale; that in one instance

said Carrie V. Horton received a draft for $2,500 as payment for a part of the cattle sold by her and that said draft was the property of and payable jointly to said Carrie V. Horton and appellee; that Carrie V. Horton fraudulently procured appellee to endorse said draft and deliver it back to said Carrie V. Horton, who in turn endorsed it and delivered it over to appellant, Trickey, who, with knowledge of the fraud, applied its proceeds upon a debt owing to him by Carrie V. Horton and thereby appropriated said sum to his own uses, notwithstanding appellee's ownership of one-half thereof; that by reason of the facts Carrie V. Horton and appellant wrongfully converted said funds; that appellee has persistently demanded an accounting of Carrie V. Horton, who refused the same.

Appellee prayed for an order requiring Carrie V. Horton to account to appellee for the monies received and disbursed in said transactions; and for judgment against Carrie Horton and Trickey, each, for one-half the amount of said draft for $2,500.

In order to sustain venue over Trickey in Dimmit County it was necessary to show, first, by a preponderance of the evidence adduced upon the hearing of the plea of privilege, that the plaintiff had a cause of action against the resident defendant, and that such cause of action was so intimately connected with the cause of action alleged against the non-resident defendant that the two were properly joined in one suit under the rule intended to prevent a multiplicity of suits. Proof of the nature of the action against the non-resident defendant, as well as its relation to the action against the resident defendant, is made by the petition or the controverting affidavit, which in this case embraces the allegations of the petition. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S. W.2d 1300.

The trial court has held that the independent proof offered in this case is sufficient to show by a preponderance of the evidence that plaintiff has a cause of action against the resident defendant, Carrie Horton. The evidence is sufficient to sustain such finding.

The allegations of the petition, which are copied in the controverting affidavit as a part thereof, are sufficient to show that the nature of the cause of ac-

tion asserted against the nonresident defendant, Trickey, is such that said cause of action may be joined with the action against the resident defendant, under the rule designed to prevent a multiplicity of suits. The nature of this cause of action must be determined by the allegations of the petition and the controverting affidavit, and independent testimony tending to show that in truth and in fact plaintiff has no cause of action against Trickey is immaterial. This is an issue to be properly determined upon the trial of the cause upon its merits and is not an issue in determining the venue of the case. Stockyards Nat. Bank v. Maples, supra.

According to the plaintiff's petition and controverting affidavit, to which we must look to determine the nature of the cause of action against the non-resident defendant, Carrie V. Horton first converted the draft and thereafter Trickey, with notice of this fact, converted said draft and appropriated the proceeds thereof to his own use. The case of Robertson v. Hunt, 77 Tex. 321, 14 S.W. 68, is in point here. In that case it was held that a joint recovery may be had for the fraudulent conversion of personal property against the original wrongdoer and each purchaser from him, in succession, who at the time of the purchase had notice of the fraud. It seems that under this case an action against Walter Trickey could be joined with an action against Carrie V. Horton, under the rule intended to avoid a multiplicity of suits.

Appellant contends that there was no evidence of defendant Carrie Horton's residence in Dimmit County. We overrule this contention. We think the record shows the challenged fact sufficiently to support venue.

The judgment is affirmed.

### On Motion for Rehearing.

Further consideration of the record convinces us that there is no competent proof that defendant Carrie V. Horton was or is a resident of the county of the forum. The burden of making this essential proof was upon appellee as the defendant below and in view of its omission the trial court erred in overruling appellant's plea of privilege.

Appellant's motion for rehearing will be granted and the judgment reversed, but as it is inferable that the evidence was

omitted through inadvertence, the matter of venue will be remanded for further hearing below.

Reversed and remanded.

On Appellee's Motion for Rehearing.

It is contended by appellee that appellant, through his counsel, admitted in oral argument in this court and the court below that Carrie V. Horton, his co-defendant, was a resident of Dimmit County, for the purpose of fixing venue in this cause. Appellant denies that such admission was made.

We are of the opinion that the statements made of record in the court below by appellant's counsel were not sufficient to constitute an efficient admission of the material fact in question. What counsel said in oral argument in this court is not of record, and as the members of this court do not recall the specific language used, and the parties disagree as to its import, we prefer not to resolve the issue thus presented.

Appellee's motion for rehearing is overruled.