## HOFFER v. EASTLAND NAT. BANK.
### No. 2162.

Court of Civil Appeals of Texas. Eastland.
June 20, 1941.

Rehearing Denied July 15, 1941.

Strickland, Ewers & Wilkins, of Mission, and Turner, Seaberry & Springer, of Eastland, for appellant.

Milburn McCarty, of Eastland, for appellee.

LESLIE, Chief Justice.

This is an appeal from an order overruling a plea of privilege. The appellee, Eastland National Bank, a corporation, sued T. B. Hoffer, a resident of Hidalgo County, and Arnold Kirk, a resident of Eastland

County, as drawee and drawer, respectively, of a draft for $600. Appellant Hoffer pleaded his privilege to be sued in Hidalgo County. The bank controverted such plea, relying on subdivisions 4 and 29a, Art. 1995, Revised Statutes of 1925, Vernon's Ann.Civ.St. art. 1995, subds. 4, 29a.

More specifically, the bank alleged in its petition, made a part of its controverting affidavit, that on or about June 26, 1940, said Kirk presented to Albert Taylor, active vice president of said bank, a telegram bearing date June 26, 1940, addressed to said Arnold Kirk, and signed by the defendant T. B. Hoffer, said telegram directing and authorizing the defendant Kirk to draw a draft on the defendant Hoffer through the First State Bank & Trust Company, Mission, Texas, for the sum of $600; that said telegram is to the tenor following:

"DAJ22-14-

Corpus Christi Tex 1042AM June 26 1940

Arnold Kirk

Eastland Tex

Draw draft six hundred dollars through First State Bank and Trust Company Mission Tex

T B Hoffer."

The bank further alleged that the defendant Kirk stated to said Taylor that said Hoffer was indebted to him in excess of the sum of $600; that he had just talked with Hoffer over the telephone and told him he needed $600 and asked said Hoffer to let him have that amount at that time, and that he had requested said Hoffer to send him a telegram directing and authorizing him to draw a draft on him for said amount so that he, Kirk, could take the draft to the bank and secure said sum of money; that such statements so made by the defendant Kirk to said Albert Taylor were true, and that immediately after said telephone conversation the defendant Hoffer sent and authorized the sending of said telegram to said Arnold Kirk in keeping with his promise to do so; that said Taylor, as an officer of said bank, was acquainted with the financial responsibility of the defendant Kirk and defendant Hoffer; that he would not have advanced said $600 to the defendant Kirk without full security for such loan, but that he knew the defendant T. B. Hoffer was financially responsible and able to pay said sum of money; that the defendant Kirk knew he, Taylor, would not let him have that amount of money on his individual credit without

good security for the same, and that he, Kirk, had reason to believe, and did believe, that said Taylor would advance to him said sum of money upon presentation of said telegram and the drawing of a draft for said amount, as authorized by said Hoffer.

The plaintiff further alleged that said telegram constituted a promise and undertaking upon the part of the defendant Hoffer to honor and pay said draft so drawn by said Kirk as directed in the telegram and that said Taylor, believing and relying upon the promises and undertaking of the defendant Hoffer, agreed to advance said sum of $600 upon the presentation of the draft so authorized by said telegram. That upon such understanding said Kirk prepared and signed the draft upon the defendant Hoffer for the sum specified, presented the same to said Taylor, whereupon said Taylor, acting for the bank and relying upon the promises and undertaking of the defendant, Hoffer, paid and delivered to said Kirk the sum of $600, thereby purchasing and becoming the owner of said draft.

That the draft was by the plaintiff bank forwarded to T. B. Hoffer, according to instructions through the First State Bank and Trust Company, Mission, Texas, and was by said bank duly presented to the defendant Hoffer who refused to pay the same, or any part thereof, and that the same was returned to the plaintiff unpaid, and that neither the defendant Kirk nor the defendant Hoffer, though often requested, has paid to the plaintiff said sum of $600, or any part thereof, though they had, by reason of said telegram and said draft, become liable and bound to the plaintiff, and promised plaintiff to pay the same. Plaintiff prayed for judgment against said defendants, jointly and severally, for its debt in the sum of $600, etc.

As stated, the trial court overruled the appellant Hoffer's plea of privilege and he alone appeals, relying upon two propositions of law, namely, (1) that the telegram from Hoffer to Kirk was not an acceptance of the draft, and (2) that the acceptance of the draft by Hoffer was neither alleged nor proved, and he was, therefore, not liable to the bank jointly with the drawer Kirk, and was, therefore, entitled to a change of venue to the county of his domicile.

After a careful consideration of this record we are of the opinion that the appellee bank alleged a joint cause of ac-

tion against the appellant Hoffer and the defendant Kirk, or one in which they were properly joined, and that it proved by independent evidence (1) that said Kirk resided in Eastland County, as alleged, and (2) proved the alleged cause of action against said resident defendant. Such being the case, the appellant was not entitled to a change in venue to the county of his domicile. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304.

However, we do not understand that the appellant Hoffer questions the sufficiency of the allegations of plaintiff's petition and controverting affidavit to state a cause of action as against the resident defendant Kirk, or that same was properly and sufficiently proved against such resident defendant.

The above cited opinion by our Supreme Court holds that: "When, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, the nonresident defendant files a plea of privilege to be sued in the county of his residence and the plaintiff seeks to sustain venue under exception 4 of article 1995, it is not incumbent upon the plaintiff in order to sustain the venue as laid to prove a cause of action against the nonresident defendant", but under the conditions just set forth, the plaintiff establishes "his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and by the proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where the suit is pending in fact resides in such county and the further fact that plaintiff has a cause of action as alleged against the resident defendant."

Hence, the controlling question presented by this appeal is whether the appellee's pleading (the petition having been made a part of the controverting affidavit) sufficiently alleged a cause of action against the two defendants within the terms and scope of the rule laid down in the Maples case and in substance reflected by the above excerpts therefrom. Tested by such rule, we are of the opinion that the appellee's pleading is sufficient, especially since no demurrer or special exception was urged against the controverting affidavit on the ground that it did not allege a proper cause of action against the defendants. Whitehead v. City Nat. Bank in Wichita Falls, Tex. Civ.App., 140 S.W.2d 967 (7, 8).

The opinion in the Maples case disposes of this appeal. The assignments of error are overruled, and the judgment is affirmed.