## ARTERBURY et al. v. UNITED STATES NAT. BANK OF GALVESTON et al.

### No. 11759.

Court of Civil Appeals of Texas. Galveston.
Jan. 31, 1946.

Rehearing Denied March 7, 1946.

Motion to Certify Dismissed by Agreement
May 23, 1946.

Walter F. Woodul, Roy L. Arterbury, A. D. Dyess, and Fulbright, Crooker, Freeman & Bates, all of Houston, and Dan Moody, of Austin, for appellant.

Terry, Cavin & Mills, of Galveston, for appellee.

GRAVES, Justice.

This appeal is from an order of the 56th District Court of Galveston County, Texas, made and entered September 27, 1945, after hearing before the court, without the intervention of a jury, overruling the several pleas of privilege filed by appellants, T. C. Green, Mrs. Mildred Eldridge Green, Walter F. Woodul, Mrs. Walter F. Woodul, R. J. Bauereisen, Mrs. Ivy Bauereisen, Guardian Trust Company, Walter F. Woodul, trustee, and R. L. Arterbury, trustee, respectively.

The appellees are: The United States National Bank of Galveston, Texas; William Randle Eldridge; W. T. Eldridge, III; Laura Eldridge Hospital; Sugarland Independent School District; I. H. Kempner, individually and as trustee for the Sugarland Industries, under a declaration of trust dated January 1, 1919; D. W. Kempner, as trustee for the Sugarland Industries under a declaration of trust dated January 1, 1919; G. D. Ulrich, as trustee for the Sugarland Industries under a declaration of trust dated January 1, 1919; and Walter F. Woodul, Jr.

The suit was brought in Galveston County against the appellants, nonresidents thereof, and others who did not file pleas of privilege, by the appellee, United States National Bank, as trustee in the administration of its trust, under both the Declaratory Judgments Act, art. 2524—1, § 4, Vernon's Texas Civil Statutes, and the Texas Trust Act. Art. 7425b—1 et seq., Vernon's Texas Civil Statutes, and venue was claimed under subdivision 4 of Article 1995, under the Declaratory Judgments Act, and under Sections 24, subd. A and 24, subd. B of the Texas Trust Act, Vernon's Ann.Civ.St. art. 7425b—24, subds. A, B.

It alleged that two of those it sued— the appellees I. H. and D. W. Kempner— were residents of Galveston County, and sought "direction to it to do, or abstain from doing, the particular act mentioned in the petition, that is, extending the Sugarland Industries Declaration of Trust beyond December 31, 1945, and to determine a question arising in the administration of the Sugarland Industries Trust and the construction of the writing creating the trust."

The appellee Bank further, in its controverting affidavits to appellants' pleas of privilege, thus more fully than in its original petition as plaintiff in the suit, alleged both the nature of the suit itself and the grounds upon which it claimed the venue thereof to have been properly laid in Galveston County, to-wit:

"(1) On the 30th day of June 1945, Plaintiff filed herein its petition under which it alleged the execution of a certain Declaration of Trust, dated January 1, 1919, a copy of which is attached to said Original Petition and marked Exhibit 'A', and which said Exhibit 'A' is hereby adopted in full as if copied here in extense. Plaintiff further alleged the execution by I. H. Kempner and W. T. Eldridge, as Trustees, of a certain Trust Instrument bearing date February 10, 1931, a copy of which is attached to said Original Petition as Exhibit 'C', and which is hereby adopted as if fully copied and set out in this Plea at length. Said Exhibit 'C' gave and granted to this plaintiff certain powers among which was to extend the Sugarland Industries Trust, which was established by said Declaration of Trust, dated January 1, 1919. Said Original Petition further alleged that on June 13, 1945, it executed an extension of said The Sugarland Industries' Trust, a copy of which is attached to said Original Petition as Exhibit 'F', and is hereby adopted as fully as if set out herein at length. Plaintiff further alleged by said Original Petition that a controversy existed between Plaintiff, as such Trustee, and the defendants, Walter

F. Woodul, Mrs. Walter F. Woodul, Mrs. Ivy Bauereisen, R. J. Bauereisen, Walter F. Woodul, Jr., W. T. Eldridge, III, William Randle Eldridge and Mrs. Mildred Eldridge Green, under which controversy the said defendants claimed and contended that Plaintiff as such Trustee had and has no power to extend the said The Sugarland Industries or The Sugarland Industries' Trust, or the term thereof, while plaintiff contended that it had such power and that said controversy between plaintiff and said defendants was a real and substantial controversy. By said Original Petition plaintiff further prayed for a declaratory judgment of this court finding and declaring that it had the power to execute said extension dated June 13, 1945, and thereby extending the term of said Trust for the period December 31, 1945, to December 31, 1950, and defining the duties, power, and authority of this plaintiff, as Trustee, in respect to such extension and the extension of the term of said The Sugarland Industries Trust and declaration thereof.

"Plaintiff further alleged by said petition that it is a Trustee and the sole Trustee under said instrument, dated February 10, 1931, and that plaintiff is a resident of the County of Galveston, State of Texas, the county in which this suit is filed, and is a corporation, incorporated under the National Banking Laws of the United States of America, with its domicile and principal place of business in the County of Galveston, State of Texas, and that this suit is brought and filed under Paragraphs A and B of Section 24 of the Texas Trust Act of 1943, as the same appears as Section 7425b—24, subds. A, B, of Vernon's Texas Civil Statutes, and is a suit to construe the provisions of said Trust Instrument, dated February 10, 1931, and to determine the law applicable thereto and to determine the powers, responsibilities, liabilities, and duties of plaintiff as such Trustee, and this suit as it is filed is in the County of residence of such Trustee and in the County of the principal place of business of this corporate plaintiff.

"Plaintiff expressly adopts and makes its original petition and Exhibits 'A' 'C' and 'F', attached thereto, a part of this plea, for all intents and for all purposes, and expressly renews, repeats and reiterates each and all of the allegations therein contained, as fully and completely, to all intents and for all purposes, as though the same were set out in full herein, and further expressly alleged that each and all of the allegations set out and contained in said original petition and Exhibits are true and correct.

"(2) Plaintiff now reiterates all of the facts alleged in Paragraph Number (1) hereof above and alleged that this Honorable Court has jurisdiction of this cause, because, as shown by said Original Petition, this suit is filed under the Declaratory Judgment Act of the State of Texas, which was passed by the Texas Legislature in 1943 and now appears as Chapter 164 of the Acts of the Regular Session of the Forty-Eighth Legislature and as Article 2524—1 of Vernon's Texas Civil Statutes, which directs and provides that all persons shall be made parties to such a suit who have or claim any interest which would be affected by the Declaration. That I. H. Kempner and D. W. Kempner are residents and citizens of the County of Galveston, State of Texas, and are Trustees under said The Sugarland Industries Declaration of Trust, dated January 1, 1919, and are engaged in administering said Trust as such Trustees. That said I. H. Kempner is the owner and holder, as shown by the books of this plaintiff, of 40,000 shares of beneficial interest and of certificates for 40,000 shares of certificates of beneficial interest in said The Sugarland Industries; the said I. H. Kempner and D. W. Kempner, and individually the said I. H. Kempner, are necessary parties who have, or claim, an interest which would be affected by the Declaration herein and are both residents and citizens of the City of Galveston, State of Texas; and that this suit is maintainable against and the venue thereof is properly laid in Galveston County, Texas, against the defendant, R. L. Arterbury, Trustee for Walter F. Woodul, Jr., under Subdivision 4 of Article 1995 of the Revised Civil Statutes of Texas, 1925, which allow a suit to be brought in any County where one of the defendants resides, in that the

said defendants I. H. Kempner and D. W. Kempner, who are necessary parties to this suit, reside in Galveston County, Texas, in which this suit is filed."

In the view this court takes of the cause for the claimed venue, it is deemed unnecessary to recite more of the proceedings which went into and formed the subject matter of the venue hearing, in response to which the court entered the judgment overruling their pleas the appellants herein complain of, and held that the suit had been properly filed in the district court of that county. All of these proceedings were shown to have taken place, as so alleged, including the facts, (1) that I. H. Kempner and D. W. Kempner were both trustees under the documents referred to for the Sugarland Industries, (2) that both were residents of Galveston County, and (3) that I. H. Kempner owned 40,000 shares in his own name of the beneficial stock in the Sugarland Industries; further (4) that I. H. Kempner and W. T. Eldridge, the predecessor in title to the interests of appellants in the Sugarland Industries, the latter since deceased, had, on the 10th day of February, 1931, executed and delivered the trust instrument of that date as so declared upon in the copied averments from the controverting affidavits, as set out supra; further (5) that since such date and up until the filing of this suit in the district court of Galveston County on June 30 of 1945, the appellee Bank had continuously accepted, and acted under, such appointment as the sole trustee for the properties described therein, and (6) that it was then continuing to so act in its endeavor to administer them even in appealing to that court for construction as to its authority and right so to do.

To repeat somewhat, it then specifically prayed, in substance, as follows:

"This suit is brought by Plaintiff, which is a person interested as Trustee and fiduciary in the administration of said Declaration of Trust, dated December 1, 1919, and in the trust agreement, dated February 10, 1931, for direction to it as Trustee in the premises and as to the doing or abstaining from continuing the said Trust for the period December 31, 1945, to December 31, 1950, and to determine the questions arising in the administration of said trust, as to such extension and as to the proper construction of the powers of this Trustee, and its rights, duties and powers in connection therewith under Sections 4 and 4(b) and 4(c) of the Uniform Declaratory Judgments Act, as duly enacted by the Legislature of the State of Texas, and as now contained in Article 2524—1 of the Revised Civil Statutes of Texas, and to determine the proper construction of said trust instruments and the powers, responsibilities, duties, and liability of this plaintiff, as Trustee, * * *.

"Wherefore, Plaintiff prays that * * * it may have a declaratory judgment, finding and declaring that it had the power to execute said extension dated June 13, 1945, and thereby extending the term of said trust for the period December 31, 1945 to December 31, 1950, and defining the duties, powers, and authority of this plaintiff as trustee in respect to such extension and the extension of the term of said The Sugarland Industries Trust and the Declaration of Trust thereof."

Since this appeal was submitted here, the Supreme Court of Texas, in Cobb v. Harrington, 190 S.W.2d 709, has construed the Texas Declaratory Judgments Act, here involved, in material substance declaring the same to be neither legal nor equitable, but rather sui generis in character; that it is a new remedy, or instrumentality, that should not be hedged about by technicalities; that it does not supplant any pre-existing remedies, but is intended as a speedy and effective one for the determination of the rights of the parties, when a real controversy has arisen, even before any wrong has been actually committed; and that the existence of another adequate remedy does not bar the right to maintain an action for judgment under it.

That deliverance, in the opinion of this court, simplifies the single question of law presented here; Was this suit maintainable against the appellants in Galveston County by the appellee Bank, in the circumstances stated?

It is concluded that the inquiry should be answered in the affirmative, mainly upon

the consideration that the Declaratory Judgments Act itself, especially in its Sections 4 and 11 thereof, not only confers the right upon a litigant in the situation of the appellee Bank—in this instance in the actual administration of such a trust as was here involved—to have a declaration of its rights or legal relations in respect thereto, but also expressly declares who shall be the parties to such an action. The pertinent parts of those two sections are as follows:

"Sec. 4. Any person interested as or through an executor, administrator, trustees, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto:

"(a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others; or

"(b) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or

"(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

"Sec. 11. When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

In other words, the two Kempners in this proceeding, perforce of the nature thereof and the cited statute, both of whom resided in Galveston County, were necessary parties to any effective disposition of the cause, as filed there by the appellee. As already shown, they had both been made, by the originators of both the trusts, trustees under them, and in addition I. H. Kempner was alleged and shown to have continuously from the inception of the Sugarland Industries been, and still so remained at the time of this judg-ment, a holder and owner of 50% of the beneficial interests in the properties both the trusts had to do with.

In these established and uncontroverted circumstances, it seems clear that both these parties were necessary to the determination of any such controversy as the appeal by the Bank to the court declared upon; indeed that in no other instanced way could the "gap between law and equity" as affected them have been so readily and effectively filled.

At any rate, it is also held that they both were such proper parties as enabled the appellee to maintain the suit against the dissenting appellants in Galveston County.

In so concluding, this court finds it unnecessary to pass upon the other questions raised in the briefs, or to indicate any holding under any underlying issue of liability, since only the preliminary question of venue is before it.

This court has, however, in the exercise of what it deems its province, construed the pleadings, in order to determine the stated nature of the action itself, as well as whether or not the appellants were necessary or proper parties thereto, under such authorities as Moreland v. Hawley Ind. School District, Tex.Civ.App., 163 S. W.2d 892; Federal Land Bank of Houston v. Downs, Tex.Civ.App., 127 S.W.2d 952.

■ It likewise seems clear that the pleadings and controverting affidavits, pursuant to the statute, did make full proof of both a joint and a several cause of action against the Galveston County resident-defendants; or, at least, a cause of action against them so intimately connected with that against the nonresident appellants that they all could be joined together to prevent a multiplicity of suits. Wood v. Fondren, Tex.Civ.App., 131 S.W.2d 1070; Whitehead v. City National Bank of Wichita Falls, Tex.Civ.App., 140 S.W.2d 967; Trickey v. Horton, Tex.Civ.App., 143 S.W. 2d 145.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.