**GOLASINSKI v. WARREN REFRIG-ERATOR CO. Inc.**

No. 12139.

Court of Civil Appeals of Texas. Galveston.

Nov. 17, 1949.

Rehearing Denied Jan. 12, 1950.

Graves & Finger, of Houston, for appellant.

Elledge & Elledge, of Houston, and W. O. Bowers, Jr., of Beaumont, for appellee.

GRAVES, Justice.

This much of appellant's general statement, deemed to be substantially correct, after examination of the supporting record, is thus quoted:

This is an appeal from a judgment sustaining appellee's plea-of-privilege. Appellant brought this suit against appellee in the 61st District Court of Harris County, alleging, in substance, that at all pertinent times appellant was a resident of Harris County, Texas, and that appellee was a Texas corporation having an agency and representative in Harris County; that, on or about July 13, 1948, appellee sold certain refrigeration equipment, including a fish-case, to D. H. Ferguson and M. Miller, a portion of the purchase-price being evidenced by an installment-contract and note, and secured by a chattel mortgage on the equipment; that in November, 1948, appellant bought the interest of Ferguson in such equipment, and executed a new chattel-mortgage jointly with M. Miller; that the new chattel-mortgage contract erroneously failed to reflect payments made on the old chattel-mortgage contract; that, on or about January 6, 1949, appellant bought the interest of M. Miller in such equipment; that all of the foregoing transactions occurred in Harris County; that on or about February 8, 1949, appellant entered into a contract with appellee in Harris County, whereby appellee agreed to accept the sum of $451.46 and the return of the fish-case, in full payment and discharge of appellant's obligation to appellee, and agreed to cancel the chattel-mortgages; that appellant paid the $451.46, pursuant to the agreement, but that appellee afterward sought to repudiate its agreement, refused to pick up the fish-case, and refused to release the chattel-mortgages, and threatened to foreclose thereon, and wrongfully asserted that appellant was still indebted to it on account of such chattel-mortgage contract. In such suit appellant prayed for a judgment decreeing cancellation of the chattel-mortgages, declaring that the chattel-mortgage obligation had been paid and cancelled, and for damages, etc.

Appellee filed its plea-of-privilege, alleging that Jefferson County, Texas, was and is its principal place of business. Appellant filed his controverting-plea, alleging that the action was properly brought in Harris County, first, because appellee was a private corporation, appellant resided in Harris County at the time the cause-of-action, or part thereof, arose, and appellee had an agency or representative in Harris County, and, second, because appellee was a private corporation, and the cause-of-action, or part thereof, arose in Harris County.

The plea-of-privilege was heard by the Court, Hon. Ben Moorhead presiding, and judgment was rendered sustaining the plea, and ordering that the cause be transferred to the District Court of Jefferson County, Texas, from which order this appeal has been taken.

Since the appeal is solely from the order sustaining the plea-of-privilege, under well-settled principles of procedure and decision, there is nothing involved here, except whether or not the issue of venue for the suit was properly disposed of below, no question of liability on the merits of the suit being material; Whitehead v. City Nat. Bank of Wichita Falls, Tex.Civ. App., 140 S.W.2d 967; Saladiner v. Polanco, Tex.Civ.App., 160 S.W.2d 537, error refused.

Not only so, but the reaches of the appeal have further been likewise circumscribed so as to leave only the venue-facts as being material, just as they were joined between the parties in the trial court by the plea-of-privilege of appellee, on the one hand, and of the controverting-affidavit thereto of appellant, on the other. Whitehead v. City, etc., supra.

In the setting thus outlined, the appellant presents to this court two points-of-error, in substance as follows:

"One: The Court erred in sustaining the plea of privilege, because appellant properly plead and proved that this is a suit against a private corporation, that appellant resided in Harris County, Texas, at the time the cause-of-action, or part thereof, arose, and that appellee has and has had at all pertinent times an agency and representative in Harris County; that, therefore, this action was properly brought in Harris County, under the provisions of Subdivision 23, of Art. 1995, VATS.

"Two: The Court erred in sustaining the plea-of-privilege, because appellant properly plead and proved that this is a suit against a private corporation, and that all, or a part of, the cause-of-action, arose in Harris County, and that, therefore, this suit was properly brought in Harris County, under the provisions of such Subdivision 23."

The appellee's counter-points thereto are these:

"1. The appellant had no cause-of-action, but only has a possible defense against suit brought by the appellee.

"2. Under Subdivision 5, of Article 1995, the appellee had the right to have this suit filed and tried in Jefferson County.

"3. Appellant filed this suit for the express purpose of attempting to fraudulently fix venue upon the district court of Harris County."

In the given state of the record, under the amended statute involved, that is, Subdivision 23, Article 1995, VATS, it seems clear that the only venue-facts the appellant was required to plead and prove were at most, in substance, as follows:

1. That this was an action against a private corporation;

2. That appellee had an agency, or representative, in Harris County;

3. That appellant resided in Harris County at the time the transactions, upon which he based his cause-of-action, if any, arose;

4. That a cause-of-action arose in appellant's favor against appellee.

It was necessary, however, for him to fully prove each of such facts in the same ordinary way as any other fact may be proved; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

A review of the proceedings convinces this court that each and all of these enumerated venue-facts were both plead and so proved. In the first place, the first three of them were established by stipulations between the parties on the trial, to the effect: (1) that the appellee was a private corporation; (2) that it had an agency, or representative, in Harris County, the county of the suit; and (3) that appellant resided in Harris County at the time the transactions, upon which he based his cause-of-action arose.

Under the holding of the San Antonio Court of Civil Appeals in Trinity Universal Insurance Company v. Wallace, 186 S.W.2d 86, the appellant contends that such first three named venue-facts, so stipulated to be true between the parties, were all that was needed, and that the fourth one, this court has so specified above, was surplus.

However that may be, it is deemed plain from the showing in the record that the 4th one, although not admitted like the other three, was established by the undisputed evidence.

All the evidence offered was that by appellant, except that the original promissory-note involved was offered by the appellee in its own behalf, merely as an exhibit.

The trial court filed no findings-of-fact, nor conclusions-of-law, in support of its brief order, simply sustaining the plea-of-privilege, nor were any required, under Rule 385(e), Texas Rules of Civil Procedure; further, in such circumstances, no findings-of-fact, contrary to the appellant's evidence, as tended to support the fourth venue-fact can be imputed to the trial court, because, as recited, there was no contrary evidence to that presented in its support by the appellant in the record; 3 Tex.Jur., page 1065, foot-note 7, and cited cases.

■ The cause-of-action declared upon by the appellant, as made plain by the preceding recitations, was that the original note and chattel-mortgages—given the appellee by the predecessors of appellant in connection with their purchase of the "fish-case" from it—had been succeeded by a subrogation, compromise and settlement of all prior relationships, made between appellant and the local agent of the appellee in Harris County, Mr. B. H. Stanley, whereby, as quoted supra, "Appellee agreed to accept the sum of $451.46 and the return of the fish-case, in full discharge of appellant's obligation to appellee, and to cancel the chattel-mortgages, which $451.46-amount, pursuant to such agreement, appellant paid to appellee, and which it accepted, but afterward repudiated such agreement".

As above indicated, there was no contravention of such testimony, which was supported by the admission in evidence of the $451.46-check, and other corroborative data.

Indeed, the appellee's defense against such alleged accord and satisfaction-settlement between the parties, as its quoted first counter-point presages, was that such settlement-contract did not constitute a cause-of-action in appellant, but merely "a possible defense he may have had, if the appellee had sued him". Further, it urged that appellant wholly failed to show that "the Houston District Manager of appellee had had any authority to make such alleged accord and satisfaction with the appellant".

But, as indicated, the check itself was in evidence, showing that it had the notation on it, "Balance on Old Contract", and there also was direct and uncontroverted testimony that the appellee had cashed such check, and had kept the money; further, that it had refused to retrieve the "fish-case" from the appellant's possession, and had sought to repudiate its newly-made contract with appellant, tendering him a refund of part of the money, which he testified he did not accept.

Appellant further testified, using written data in connection therewith, that all the settlement transactions he so declared upon had taken place in Harris County, Texas; that appellee's resident district-manager there was the only one he had ever dealt with in the entire matter, that all the payments he had made through the history of the dealings between the two had been made there, and that the contract of accord and satisfaction he so declared upon as his major cause-of-action herein had been wholly made in Harris County, on the 8th day of February, 1949; further, the performance of it upon appellee's part, he testified, was to have been wholly in Harris County, that is, that appellee bound itself—through such resident agent—to pick up the fish-case there, and to release the chattel-mortgages on the remainder of the equipment, which had formed a part of the original subject-matter of their dealings, and that the mortgages themselves were recorded in Harris County.

It is therefore held that full proof was made upon appellant's part of a cause-of-action. General Motors Acceptance Corp. v. Lee, Tex.Civ.App., 120 S.W.2d 622, and cases cited therein; Stone Fort National Bank v. Forbess, 126 Tex. 568, 91 S.W.2d 674; American Casualty & Life Co. v. Robinson, Tex.Civ.App., 220 S.W.2d 204; Hearn v. Hanlon-Buchanan, Tex.Civ.App., 179 S.W.2d 364, writ refused w. m.; 1 Tex.Jur. 281.

These conclusions require a reversal of the trial court's judgment, and a remanding of the cause to it for a trial there on the merits.

It will be so ordered.

Reversed and remanded.